UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  <u>24-CR-14045-CANNON/MAYNARD</u>

UNITED STATES OF AMERICA

v.

MATTHEW S. BROWN

   Defendant.

_____/

<u>STIPULATED FACTUAL BASIS</u>

By signing below, the parties stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to willful failure to pay trust fund taxes, in violation of 26 United States Code, Section 7202, and aiding or assisting in the filing of a false tax return, in violation of Title 26, United States Code, Section 7206(2).

1. **MATTHEW S. BROWN** was a resident of Martin County, Florida, within the Southern District of Florida.

2. **BROWN** owned and operated multiple businesses in and around the area of St. Lucie, Martin, and Palm Beach Counties, Florida including the businesses identified as "the Brown Entities" in the attached EXHIBIT A ("Exhibit A").

3. One of the Brown Entities was Matthew Brown & Associates, Inc. DBA Elite Payroll Solutions ("Elite Payroll"). Elite Payroll was a professional employer organization ("PEO") and payroll services company incorporated in Stuart, Florida, within the Southern District of Florida. Elite Payroll primarily serviced small businesses in and around St. Lucie, Martin and Palm Beach Counties, Florida.

## Payroll Taxes

4.  The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the federal tax laws of the United States.

5.  The Federal Insurance Contribution Act required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes." An individual with the obligation to collect, account for, and pay over withheld trust fund taxes to the government is called a "responsible person."

6.  For employers whose annual liability for trust fund taxes was greater than $1,000, responsible persons were required to report the employment taxes due for the employer on a Form 941, Employer's Quarterly Federal Tax Return ("Form 941") on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

7.  A PEO was a type a type of employee leasing company that provides employee benefits and tax services to common law employers at a cost lower than a single employer could provide for itself. A PEO typically will file a single Form 941 for all of its clients' workers, using its own employer identification number (EIN). In contrast, a payroll service provider typically will file a separate Form 941 on behalf of each client, using the EIN of the respective client.

### BROWN's Failure to Fully Pay Trust Fund Taxes for the Brown Entities

8.      From at least 2014 through 2022, **BROWN** exercised ultimate control over Elite Payroll's financial affairs and operations. **BROWN** signed Forms 941 for Elite Payroll as President. Thus, **BROWN**, was a responsible person, that is, he had the responsibility to collect, truthfully account for on Forms 941, and pay over to the IRS on behalf of Elite Payroll the trust fund taxes collected from its clients' employees.

9.      On or about January 31, 2020, for the calendar quarter ending December 31, 2019, in the Southern District of Florida, **BROWN** filed, or caused to be filed, a false Form 941 which understated Elite Payroll's employment tax liabilities for that quarter by nearly one million dollars. Knowing this return was false, Brown willfully failed to truthfully account for and pay over the trust fund taxes due and owing on behalf of the employees of Elite Payroll.

10.     **BROWN** filed this false return and willfully failed to pay these trust fund taxes as part of a larger scheme. For each of the entities identified as the Brown Entities in Exhibit A, **BROWN** was ultimately responsible for the payment of employment taxes. For each of the Brown Entities, **BROWN** filed, or caused to be filed, false Forms 941 which understated the entities' employment tax liabilities. Knowing these forms were false, **BROWN** willfully failed to pay approximately $15,000,000 in employment taxes for the Brown Entities.

11.     On multiple occasions, the IRS sent **BROWN** and the Brown Entities notices that it had detected underreporting for a specific quarter. **BROWN** sent, or caused to be sent, correspondence to the IRS claiming any underreporting was the result of an error at Elite Payroll and offered to pay any balance and interest due for that quarter. **BROWN** knew this to be false and did so to avoid further scrutiny from the IRS.

### BROWN's Filing of False Forms 941 on Behalf of Elite Payroll Clients

12.     Elite Payroll acted as a PEO for some clients and a payroll service provider for others. Consequentially, for some clients, Elite Payroll reported their employees with a single Form 941 filed under Elite Payroll's EIN and, for other clients, Elite Payroll filed Forms 941 under the clients' EINs.

13.     Each of the entities identified in Exhibit A as "the EPS Clients" were payroll service clients of Elite Payroll. Elite Payroll was therefore responsible for preparing accurate Forms 941 for EPS clients, debiting the EPS clients for their employment tax liabilities, and paying over these employment tax liabilities held in trust to the IRS.

14.     Client 1 was a private security services company incorporated in 2011 in Miami, Florida within the Southern District of Florida. From in or around 2017 through in or around 2022, Client 1 was a payroll services client of Elite Payroll.

15.     On or about July 16, 2021, for the quarter ending June 30, 2021, in the Southern District of Florida, **BROWN** willfully aided and assisted in the presentation to the Internal Revenue Service of a false Form 941 for Client 1 which understated Client 1's employment tax liabilities by over one hundred and fifty thousand dollars. Knowing this return was false, Brown willfully failed pay over the employment taxes due and owing on behalf of Client 1.

16.     **BROWN** filed this false return and willfully failed to pay these employment fund taxes as part of a larger scheme. For each of the entities identified as EPS Clients in EXHBIT A, **BROWN** filed, or caused to be filed, false Forms 941 which understated the clients' employment tax liabilities. Knowing these forms were false, **BROWN** willfully failed to pay approximately $9 million in employment taxes for the EPS Clients.

17.     On multiple occasions, the IRS sent **BROWN** and the EPS Clients notices that it had detected underreporting for a specific quarter. **BROWN** sent, or caused to be sent,

4

correspondence to the IRS and to the EPS Clients claiming any underreporting was the result of an error at Elite Payroll and offered to pay any balance and interest due for that quarter. **BROWN** knew this to be false and did so to avoid further scrutiny from the IRS and from the EPS Clients.

18. Instead of paying over the funds he held in trust for his clients, **BROWN** purchased commercial and residential real estate including his multi-million dollar home and a collection of high end luxury cars.

19. The defendant is aware of and understands the nature of the charges to which she is pleading guilty and understands that had it proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count One:**  **Title 26, United States Code, Section 7202**

   (1) The Defendant had the duty to collect, truthfully account for, and pay over a tax;

   (2) The Defendant failed to collect, truthfully account for, or pay over the tax; and

   (3) The Defendant acted willfully.

**Count Two:**  **Title 26, United States Code, Section 7206(2)**

   (1) The Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

   (2) The document was false as to a material matter; and

   (3) The Defendant acted willfully.

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service.

To prove the Defendant acted willfully, the government must show that the Defendant voluntarily and intentionally violated a known legal duty.

The defendant and his attorney agree that the facts recited above meet these elements.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: 1/7/25

ANDREW P. ASCENCIO
ASHLEY J. STEIN
Trial Attorneys
U.S. Department of Justice, Tax Division

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

Dated: 1/7/25

MICHAEL PORTER
Assistant United States Attorney

Dated: 1/7/25

MATTHEW S. BROWN
Defendant

Dated: 1/7/25

JEFFREY NEIMAN
Attorney for the Defendant

6

# EXHIBIT A

In conjunction with the parties' plea agreement, the United States and the Defendant, Matthew S. Brown, have agreed to restitution to the Internal Revenue Service ("IRS") in the amount of $22,401,585. The chart below provides a breakdown of restitution amounts owed based on the years balances accrued for specific entities. As stated in Plea Agreement paragraph 10(e), the Defendant reserves the right to reduce this restitution amount and receive credit for any payments made to the IRS towards unpaid employment tax liabilities associated with these entities.

| The EPS Clients | | | |
|---|---|---|---|
| CLIENT | EIN | YEARS | UNPAID EMPLOYMENT TAXES |
| Gruber Saks Construction, LLC | 90-0873093 | 2019-2020 | $695,118.00 |
| Davis Brothers, LLC | 59-1495341 | 2018-2022 | $2,113,984.00 |
| Factory Direct Supply WPB, LLC | 46-2159293 | 2018-2022 | $1,992,692.00 |
| Haynes Security Services, Inc. | 90-0781732 | 2017-2022 | $1,509,015.00 |
| VM Iron Work and Structural Steel Corp. | 65-0653784 | 2020-2022 | $648,811.00 |
| Total | | | $6,959,620.00 |

| The Brown Entities | | | |
|---|---|---|---|
| ENTITY | EIN | YEARS | UNPAID EMPLOYMENT TAXES |
| Propane Services, Inc. | 65-1156735 | 2017-2021 | $1,297,823.00 |
| AC Care Heat and Air, Inc. | 81-1778853 | 2019-2021 | $382,315.00 |
| Matthew Brown & Associates, INC | 65-1002313 | 2015-2021 | $13,761,827.00 |
| Total | | | $15,441,965 |